BRUCE A. SCHEIDT, State Bar No. 155088
bscheidt@kmtg.com
RONALD J. SCHOLAR, State Bar No. 187948
rscholar@kmtg.com
KRONICK, MOSKOVITZ, TIEDEMANN & GIRARD
400 Capitol Mall, 27th Floor
Sacramento, CA  95814
Telephone:    (916) 321-4500
Facsimile:     (916) 321-4555

Attorneys for Defendant
CITY OF MANTECA

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM E. SMITH,<br><br>           Plaintiff,<br><br>v.<br><br>CITY OF MANTECA and DOES 1-100, inclusive,<br><br>           Defendants. | CASE NO. 2:12-CV-01899-MCE-CKD<br><br>**DEFENDANT CITY OF MANTECA'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**<br><br>Date:       September 5, 2013<br>Time:       2:00 p.m.<br>Courtroom: 7<br>Judge:      Hon. Morrison C. England, Jr. |

KRONICK, MOSKOVITZ,
TIEDEMANN & GIRARD
ATTORNEYS AT LAW
SACRAMENTO

1034334.1                                                                                                                                2:12-CV-01899-MCE-CKD

DEFENDANT CITY OF MANTECA'S OPPOSITION TO PLAINTIFF'S
MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

## I. INTRODUCTION

After waiting a year after he filed his action, seven months after this Court issued its Pretrial Scheduling Order and literally on the day of the Court ordered non-expert discovery cutoff, Plaintiff filed his motion for leave of Court to amend his First Amended Complaint (FAC). Plaintiff's proposed Second Amended Complaint (SAC) seeks to add an individual defendant, claims for punitive damages against that defendant and additional language to his prayer for injunctive relief.

Plaintiff's motion should be denied because he only moves to amend pursuant to Rule 15 of the Federal Rules of Civil Procedure but not under Rule 16 to amend the Court's Pretrial Scheduling Order issued on December 20, 2012.  As such, Plaintiff's motion is procedurally defective and should be denied.

Additionally, even if the Court were to overlook Plaintiff's procedurally defective filing, the record of the case establishes that Plaintiff's motion lacks the requisite good cause to amend the FAC because (1) Plaintiff was not diligent and (2)  to add an individual defendant after the close of discovery would unduly prejudice both the City and new individual defendant.

Finally, Plaintiff's motion is untimely filed without the required notice pursuant to the Federal Rules of Civil Procedure and applicable Local Rule of this Court.

Plaintiff's motion should be denied.

## II. PROCEDURAL AND FACTUAL TIMELINE

- February 2008:  Plaintiff is hired by the City as the Solid Waste Route Supervisor. (Declaration of Ronald J. Scholar in Support of City of Manteca's Opposition to Plaintiff's Motion for Leave to File Second Amended Complaint (Scholar Decl.), ¶ 2, Exh. A [Deposition Testimony of William Smith (Smith Depo), p. 21, lines 2-10].)
- April 12, 2011:  Plaintiff received a written notice of layoff from his employment with the City.  (Scholar Decl., Exh. A [Smith Depo, p. 21, lines 11-21].)
- June 30, 2011:  Effective layoff date.  (Scholar Decl., Exh. A [Smith Depo, p. 21, lines 11-21].)
- July 18, 2012:  Plaintiff files his Complaint for Damages.  (Request for Judicial

KRONICK, MOSKOVITZ, TIEDEMANN & GIRARD
ATTORNEYS AT LAW
SACRAMENTO

1034334.1                                            - 1 -                                           2:12-CV-01899-MCE-CKD

DEFENDANT CITY OF MANTECA'S OPPOSITION TO PLAINTIFF'S
MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

1   Notice (RFJN), Attachment A [Doc. No. 1].)

2   • July 19, 2012: Court issues its Order Requiring Joint Status Report which requires
3   the parties to address "the possible joinder of additional parties." (RFJN, Attachment B
4   [Doc. No. 5, p.2, line 11].)

5   • August 28, 2012: City files its Answer. (RFJN, Attachment C [Doc. No. 8].)

6   • October 9, 2012: Plaintiff and the City file the Joint Status Report stating
7   "[n]either Plaintiff nor Defendant anticipates joinder or additional parties." (RFJN,
8   Attachment D [Doc. No. 11, p. 2, lines 11-12].)

9   • December 12, 2012: Parties stipulate to permit Plaintiff to file a First Amended
10  Complaint for Damages. (RFJN, Attachment E [Doc. No. 13].)

11  • December 20, 2012: Court issues its Pretrial Scheduling Order ordering that "[n]o
12  joinder of parties or amendments to pleadings is permitted without leave of court, good
13  cause having shown." The order sets the non-expert discovery cut-off for June 21, 2013.
14  (RFJN, Attachment F [Doc. No. 16, p. 1, lines 23-25].)

15  • December 26, 2012: Plaintiff files First Amended Complaint for Damages.
16  (RFJN, Attachment G [Doc. No. 17].)

17  • December 28, 2012: City files Answer to Plaintiff's First Amended Complaint for
18  Damages. (RFJN, Attachment H [Doc. No. 18].)

19  • May 23, 2013: Court grants the parties' stipulation and joint motion to extend the
20  non-expert discovery cutoff from June 21, 2013 to August 5, 2013. (RFJN, Attachment I
21  [Doc. No. 20].)

22  • June 6, 2013: Plaintiff served Special Interrogatories on the City asking for the
23  very first time to identify who at the City made the decision to deny Plaintiff's post-layoff
24  request for a due process hearing. (Scholar Decl., ¶ 3.)

25  • June 12, 2013: Plaintiff's Counsel for the very first time requests deposition dates
26  for City witnesses, including Joe Kriskovich. (Scholar Decl., ¶ 4, Exh. B.)

27  • July 29, 2013: Depositions of Joe Kriskovich and City's Person Most
28  Knowledgable. (Scholar Decl., ¶ 5.)

KRONICK, MOSKOVITZ,
TIEDEMANN & GIRARD
ATTORNEYS AT LAW
SACRAMENTO

1034334.1                                - 2 -                         2:12-CV-01899-MCE-CKD
DEFENDANT CITY OF MANTECA'S OPPOSITION TO PLAINTIFF'S
MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

- July 31, 2013: Plaintiff moves to Amend his First Amended Complaint to add Joe Kriskovich, Manteca's City Administrator, as a new defendant; to add claims for punitive damages against Mr. Kriskovich and to add a specific request for injunctive relief. (RFJN, Attachment J [Doc. No. 24].)

- August 5, 2013: Non-expert discovery closes. (RFJN, Attachment I [Doc. No. 20].)

- August 5, 2013: Plaintiff withdraws his motion to Amend his First Amended Complaint. (RFJN, Attachment K [Doc. No. 25].)

- August 5, 2013: Plaintiff again moves to Amend his First Amended Complaint to add Joe Kriskovich, Manteca's City Administrator, as a new defendant; to add claims for punitive damages against Mr. Kriskovich and to add a specific request for injunctive relief. (RFJN, Attachment L [Doc. No. 26].)

### III.  LAW AND ARGUMENT

**A.  PLAINTIFF'S MOTION SHOULD BE DENIED BECAUSE HE FAILS TO SEEK AN AMENDMENT TO THE COURT'S PRE-TRIAL SCHEDULING ORDER.**

The Court's Pretrial Scheduling Order issued on December 20, 2012, states "[n]o joinder of parties or amendments to pleadings is permitted without leave of court, good cause having been shown." (RFJN, Attachment F [Pretrial Scheduling Order, p. 1, lines 23-25].) The Order further states that "[t]he parties are reminded that pursuant to Rule 16(b) of the Federal Rules of Civil procedure, the Pretrial Scheduling Order shall not be modified except by leave of court upon a showing of **good cause**." (RFJN, Attachment F [Pretrial Scheduling Order, p. 11, lines 2-5] (emphasis original).)

Plaintiff's motion is made pursuant to Rules 15 and 21 of the Federal Rules of Civil Procedure. Rule 15 generally addresses amended and supplemental pleadings. Rule 21 addresses misjoinder or nonjoinder of parties. However, Plaintiff ignores the requirement which explicitly mandates that a plaintiff seeking leave to file an amended complaint must also seek an amendment to the scheduling order itself. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604 (9th Cir. 1992). In *Johnson*, the court stated:

1034334.1                                  - 3 -                             2:12-CV-01899-MCE-CKD
KRONICK, MOSKOVITZ,
TIEDEMANN & GIRARD
ATTORNEYS AT LAW
SACRAMENTO

DEFENDANT CITY OF MANTECA'S OPPOSITION TO PLAINTIFF'S
MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

> Johnson did *not* specifically request that the court modify its scheduling order; he merely moved to amend his complaint. He points out that some court's have considered a motion to amend the complaint as a motion to amend the scheduling order….We have suggested the contrary. *See …U.S. Dominator, Inc. v. Factory Ship Robert E. Resoff*, 768 F.2d 1099, 1104 (9th Cir. 1985) (court may deny as untimely a motion filed after the scheduling order cut-off date where no request to modify the order has been made) … We see no reason to deviate from that approach here, but the result would not change if Johnson's motion to amend were treated as a defacto motion to amend the scheduling order rather than a motion to join a party after the binding cut-off date for the motion has passed.

(*Id.* at 608-609.) "A scheduling order 'is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril. … The district court's decision to honor the terms of its binding scheduling order does not simply exalt procedural technicalities over the merits of Johnson's case." (*Id.* at 610.)

Here, similar to *Johnson*, Plaintiff seeks leave to file a Second Amended Complaint without seeking leave to amend the scheduling order. (Plaintiff's Notice of Motion and Motion for Leave to Amend, p. 1, lines 23-25.) As in *Johnson*, Plaintiff's motion should be denied because it is procedurally defective for failure to seek amendment to the scheduling order.

**B.   PLAINTIFF'S MOTION FAILS TO ESTABLISH THE REQUIRED GOOD CAUSE.**

Even if this Court were to treat Plaintiff's Motion to Amend the First Amended Complaint as a *de facto* motion to amend the Court's December 20, 2012 Pretrial Scheduling Order, the motion still fails because Plaintiff has not established good cause. Plaintiff's arguments that leave to amend is freely granted under Rule 15 and that he should be permitted to add Mr. Kriskovich as a Doe defendant are both irrelevant as they do not apply the required standard of good cause. After the scheduling order has precluded amendments to a complaint, a plaintiff must satisfy the requirements of Rule 16(b)(4) and not Rule 15(a) in order to further amend the complaint. *Johnson*, *supra*, 975 F.2d at 608. "Rule 16 … and its standards may not be short-circuited by an appeal to those of Rule 15. (*Id.* at 610.) "Orders entered before the pretrial conference may be modified upon a showing of good cause." (*Id.* at 608.) The good cause standard under Rule 16 is not coextensive that under Rule 15. (*Id.* at 609.)

KRONICK, MOSKOVITZ, TIEDEMANN & GIRARD
ATTORNEYS AT LAW
SACRAMENTO

1034334.1                                                                - 4 -                                                    2:12-CV-01899-MCE-CKD

DEFENDANT CITY OF MANTECA'S OPPOSITION TO PLAINTIFF'S
MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

> Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. The Court may modify the pretrial schedule if "it cannot reasonably be met despite the diligence of the party seeking the extension."

(*Id.*)

### 1. Plaintiff Was Not Diligent In Seeking To Discover The Identity Of Persons Involved In Making The Decision To Not Grant Plaintiff A Post-Layoff Due Process Hearing

Plaintiff argues that good cause exists because he was "genuinely ignorant of the identity of the person responsible for denying him a due process hearing at the time he filed his prior pleadings." (Notice of Motion and Motion for Leave to Amend, p. 9, lines 3-5.) He claims that he remained unaware until July 12, 2013, when the City identified Mr. Kriskovich in response to Plaintiff's Special Interrogatories. Plaintiff also argues that he did not act in bad faith or in a dilatory manner because after he discovered the identity of Mr. Kriskovich, Plaintiff sought a stipulation and later brought this motion for leave to amend the First Amended Complaint. (Notice of Motion and Motion for Leave to Amend, p. 9, lines 8-13.)

Diligence is the applicable standard and "carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Johnson*, *supra*, 975 F.2d at 609. "The burden was upon [Plaintiff] to prosecute his case properly." (*Id.* at 610.) In the matter before the Court, Plaintiff was not diligent. Mr. Kriskovich was well known to Plaintiff throughout his employment and after his layoff. (Scholar Decl., ¶ 2, Exh. A [Smith Depo. pp. 22:19-24:3; 24:24-25:12; 27:10-28:2; 31:25-32:6; 94:4-11; 178:3-16; 234:23-235:4.) Mr. Kriskovich was also identified by both the City and Plaintiff in their respective initial disclosures. (Scholar Decl., ¶¶ 6-7, Exhs. C [Plaintiff's Initial Disclosure, p. 2, line 1] and D [City's Initial Disclosure, p. 2, line 3].) Despite the purported importance of the identification of Mr. Kriskovich as the person who declined Plaintiff's request for a post-layoff hearing, Plaintiff made absolutely no inquiry of the City whatsoever as to the identity of this person until Plaintiff served Special Interrogatories on June 6, 2013. (Scholar Decl., ¶ 3.) This was 11 months after the filing of the initial complaint; 8 months after filing the Joint Status Report stating "[n]either Plaintiff nor Defendant

KRONICK, MOSKOVITZ, TIEDEMANN & GIRARD
ATTORNEYS AT LAW
SACRAMENTO

1034334.1 - 5 - 2:12-CV-01899-MCE-CKD

DEFENDANT CITY OF MANTECA'S OPPOSITION TO PLAINTIFF'S
MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

anticipates joinder or additional parties" (RFJN, Attachment D [Doc. No. 11, p. 2, lines 11-12]); over 5 months after the Court issued the Pretrial Scheduling Order ordering that "[n]o joinder of parties or amendments to pleadings is permitted without leave of court, good cause having shown." (RFJN, Attachment F [Doc. No. 16, p. 1, lines 23-25]); and one month prior to the close of non-expert discovery which had already been continued from the original June 21, 2013 closing date. (RFJN, Attachment I [Doc. No. 20].)

Further, Plaintiff's counsel's letter of July 1, 2013 requesting that the City identify the "individual who made the purportedly rogue decision to lay off Plaintiff and deny his *Skelly* request" is not a proper discovery request and the City had absolutely no obligation to respond. (Plaintiff's Exh. B) The City did have an obligation to respond to Plaintiff's Special Interrogatories and it properly did so. (Plaintiff's Exh. C.) The fact that Plaintiff waited almost a year to ask the question is neither the fault nor the responsibility of the City or Mr. Kriskovich. *Johnson*, *supra*, 975 F.2d at 610 ["The burden was upon [Plaintiff] to prosecute his case properly."])

Thus, even assuming that Plaintiff was genuinely unaware that Mr. Kriskovich was the individual who declined to provide him a post-layoff hearing, Plaintiff completely failed to take reasonable steps to discover his identity until 11 months into the case at the close of discovery. Plaintiff's actions in this regard are the antithesis of diligence.   There is no justification for Plaintiff's failure to discover the identity of the person who he claims denied him a post layoff hearing. *Johnson*, *supra*, 975 F.2d at 609 ["carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief."]. Plaintiff's motion should be denied.

**2.   The City And Mr. Kriskovich Will Be Substantially Prejudiced By The Proposed Amendments.**

While a finding of a lack of diligence should end the inquiry, the existence or degree of prejudice can supply additional reasons to deny the motion. *Johnson*, *supra*, 975 F.2d at 609. Plaintiff claims that the amendment to add Mr. Kriskovich as a party will not result in undue prejudice because the amendment does not alter the facts, legal theories or defenses in the case, and Mr. Kriskovich, in his role as the City's representative, attended depositions and the

KRONICK, MOSKOVITZ, TIEDEMANN & GIRARD
ATTORNEYS AT LAW
SACRAMENTO

1034334.1                                                      - 6 -                                              2:12-CV-01899-MCE-CKD
DEFENDANT CITY OF MANTECA'S OPPOSITION TO PLAINTIFF'S
MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

Settlement Conference and was designated by the City as the person most knowledgeable for certain deposition topics. (Notice of Motion and Motion for Leave to Amend, p. 9, lines 14-21.)

Contrary to Plaintiff's self serving conclusions, adding an individual defendant to the action changes the entire complexion of this litigation and the necessary discovery. Public entities like the City are only subject to Section 1983 liability upon the showing of a custom, practice, or policy causally linked to the underlying constitutional violation. *Monell v. Dept. of Social Services*, 436 U.S. 658, 690-691 (1978); *Board of County Commissioners of Bryan County v. Brown*, 520 U.S. 397, 404 (1997). Such liability is not an affirmative defense, but the facts required to be proven by a plaintiff because the governmental entity may not otherwise be sued. *Monell v. Dept. of Social Services*, *supra*, 436 U.S. at 694.[1]

*Monell* liability is distinctly different from that of the liability of an individual public employee acting under color of law. The latter raises issues regarding actions directly causing constitutional deprivations and qualified immunity. *Saucier v. Katz*, 533 U.S. 194, 200-201 (2001). To allow Plaintiff to add Mr. Kriskovich as an additional defendant after the close of discovery substantially prejudices both Mr. Kriskovich and the City as it completely alters the applicable theories of liability and the applicability of the defense of qualified immunity.

Additionally, Plaintiff seeks to expose Mr. Kriskovich to potential punitive damages which may not be paid by the City. (Cal. Gov. Code § 825(b).) Thus, Plaintiff asserts that the Court should place Mr. Kriskovich's personal assets at risk where he has not been personally represented by counsel, [2] non-expert discovery has already closed, expert disclosures and reports have already been served and the City is already preparing its motion for summary judgment which must be filed and served not later than eight weeks prior to December 5, 2013, the date set for hearing. (Scholar Decl., ¶ 8.) To add Mr. Kriskovich as an individual defendant after the

---

[1] "We conclude, therefore, that a local government may not be sued under §1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Monell v. Dept. of Social Services*, *supra*, 436 U.S. at 694.

[2] In fact, Plaintiff takes the position that bringing Mr. Kriskovich into the case would result in an "obvious conflict of interest" requiring "separate counsel for Manteca and each individual…" (Plaintiff's Exh. B.)

KRONICK, MOSKOVITZ, TIEDEMANN & GIRARD
ATTORNEYS AT LAW
SACRAMENTO

1034334.1                                            - 7 -                                            2:12-CV-01899-MCE-CKD
DEFENDANT CITY OF MANTECA'S OPPOSITION TO PLAINTIFF'S
MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

close of discovery would result in a complete denial of due process to both the City and Mr. Kriskovich as neither party would have any opportunity to properly prepare the case for summary judgment and, if necessary, trial.  Further, as recognized by Plaintiff in his own moving papers, Mr. Kriskovich's presence during the discovery proceedings and designation of the person most knowledgeable was all related to his role as the representative for the City and not in his capacity as an individual defendant whose personal assets are at risk in the litigation.  (Declaration of Vladimir J. Kozina, ¶¶ 12-13.)  As such, it would be highly prejudicial to permit Plaintiff to add Mr. Kriskovich as a defendant at this late juncture in the proceedings.

### C. PLAINTIFF'S MOTION WAS NEITHER TIMELY FILED NOR SERVED.

Plaintiff's current motion was filed on August 5, 2013 and set for hearing on September 5, 2013.  The motion was required to be filed and served no later than August 2, 2013.  Thus, it is untimely.  The following Rules apply:  Local Rule 230(b) requires the motion be heard not less than 28 days after service and filing.  Rule 6(d) of the Federal Rules of Civil Procedure requires that when service is made under Rule 5(b)(2)(E) (electronic service), 3 days are added *after* the service period expires under Rule 6(a).  Rule 6(a)(1)(A) excludes the day of the event which is the hearing date of September 5.  Rule 6(a)(1)(C) also excludes the last day of a period when it falls on a legal holiday.  Rule 6(a)(6)(A) includes Labor Day as a legal holiday.

The calculation is as follows:

The hearing date is September 5 and is excluded from the count.  (Rule 6(a)(1)(A).)  Thus, the first day counting backwards is September 4.  The count is backwards from the first day because the electronic service period of 3 days is added "after" the 28 day service requirement of Local Rule 230(b).  (Rules 6(d) and 5(b)(2)(E).)  Three days back from September 4 is Monday, September 2 which is not counted because it is Labor Day.  (Rule 6(a)(1)(C) and (a)(6)(A).)  Therefore, the last day of the 3 day additional service period under Rule 6(d) is Friday, August 30.  Twenty-eight days back from August 29 (Rule 6(d)) is August 2 which was the date by which service and filing were required.  (Local Rule 230(b).)  Plaintiff's motion was filed and served on August 5 which is 3 days late and should be denied as untimely.

KRONICK, MOSKOVITZ,
TIEDEMANN & GIRARD
ATTORNEYS AT LAW
SACRAMENTO

1034334.1 - 8 - 2:12-CV-01899-MCE-CKD
DEFENDANT CITY OF MANTECA'S OPPOSITION TO PLAINTIFF'S
MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

## IV. CONCLUSION

Plaintiff's motion is fatally defective for not seeking to amend the Court's December 20, 2012 Pretrial Scheduling Order and for failing to provide timely notice of the motion. Even if the Court were willing to overlook these procedural deficiencies, Plaintiff has failed to show good cause in the form of diligent conduct in discovering the name of the person who denied his request for a post layoff hearing. Plaintiff failed to make a timely inquiry into this issue by waiting 11 months after the filing of the initial complaint; 8 months after filing the Joint Status Report stating "[n]either Plaintiff nor Defendant anticipates joinder or additional parties;" over 5 months after the Court issued the Pretrial Scheduling Order ordering that "[n]o joinder of parties or amendments to pleadings is permitted without leave of court, good cause having shown;" and one month prior to the close of non-expert discovery which had already been continued from the original June 21, 2013. This is the antithesis of diligence. Further, adding a new individual defendant would cause the City and Mr. Kriskovich substantial prejudice as it would completely alter the applicable legal theories in the case, subject Mr. Kriskovich to personal liability for punitive damages and severely interfere with the City's preparation of a motion for summary judgment and trial. Discovery is closed and experts have been disclosed. There is no good cause to permit Plaintiff to amend his First Amended Complaint. The motion should be denied.

Dated: August 22, 2013

KRONICK, MOSKOVITZ, TIEDEMANN & GIRARD
A Law Corporation


By: /s/ Ronald J. Scholar
Bruce A. Scheidt
Ronald J. Scholar
Attorneys for Defendant
CITY OF MANTECA

KRONICK, MOSKOVITZ, TIEDEMANN & GIRARD
ATTORNEYS AT LAW
SACRAMENTO

1034334.1                            - 9 -                           2:12-CV-01899-MCE-CKD
DEFENDANT CITY OF MANTECA'S OPPOSITION TO PLAINTIFF'S
MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT