UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM E. SMITH, | No. 2:12-cv-01899-MCE-CKD |
| Plaintiff, | |
| v. | **ORDER** |
| CITY OF MANTECA and Does 1-100, inclusive | |
| Defendants. | |

William C. Smith ("Plaintiff") brought this action against the City of Manteca ("Manteca") and Does 1-100 alleging: (1) violations of Labor Code § 1102.5; (2) violations of Labor Code § 6310; and (3) violations of 42 U.S. C. § 1983. (ECF No. 17.) Plaintiff filed his First Amended Complaint ("FAC") on December 26, 2012. (Id.) Presently before the Court is Plaintiff's Motion to Amend his First Amended Complaint. (ECF No. 26) Defendants oppose Plaintiff's Motion to Amend. (ECF No. 28.)[1] Based on the reasoning that follows, Plaintiff's Motion to Amend is GRANTED.

///
///

---

[1] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs.  E.D. Cal. Local Rule 78-230(h).

1

# BACKGROUND[2]

Plaintiff began working for Manteca as the Solid Waste Route Supervisor in February 2008.  (ECF No. 17.)  In April 2011, Manteca terminated Plaintiff.  (Id.)  In July 2012, Plaintiff filed this action generally alleging that Manteca wrongfully terminated him for speaking out about the city's noncompliance with both state and federal law.  (ECF Nos. 1 and 17.)  On July 12, 2013, through the use of discovery, Plaintiff learned that Joe Kriskovich ("Kriskovich") was the only Manteca employee responsible for denying Plaintiff's post-termination request hearing.

Plaintiff's Motion seeks to (1) substitute Kriskovich as a defendant for Doe 1 in Plaintiff's Third Cause of Action, a 42 U.S.C. § 1983 claim for violation of Plaintiff's due process rights; (2) obtain putative damages from Kriskovich; and (3) clarify that the injunctive relief Plaintiff is seeking is reinstatement to his former position as Solid Waste Route Supervisor.  (ECF No. 26.)  Plaintiff argues that neither Manteca nor Kriskovich will be prejudiced by Plaintiff's proposed amendments because the essential factual allegations and legal contentions remain unaltered and Kriskovich is on notice as he has been Manteca's official representative at every proceeding to date.  (Id.)  Plaintiff also insists that he is acting in good faith as he is seeking leave to amend promptly after learning that Kriskovich was the only person involved in denying his request for a post-termination hearing.  (Id.)

Manteca argues that the Court should deny Plaintiff's request because Plaintiff only brought it under Federal Rule of Civil Procedure 15[3] when he should have also brought it under Rule 16 as the Court's December 12, 2012 Scheduling Order (ECF No.16) is in effect.  (ECF No. 28.)

---

[2] The facts are taken, sometimes verbatim, from Plaintiff's FAC.  (ECF No. 17.)

[3] Fed. R. Civ. P. 15.  All further references to Rule or Rules are references to the Federal Rules of Civil Procedure.

1  More substantively, Manteca insists that Plaintiff lacks the requisite "good cause" to
2  amend the FAC because Plaintiff was not diligent and adding an individual defendant
3  after the close of discovery would unduly prejudice both the City and the new individual
4  Defendant.  (Id.)

## ANALYSIS

Plaintiff's motion relies on provisions of Rule 15(a) to justify an amendment; however, once a district court files a pretrial scheduling order pursuant to Rule 16, that Rule's standards control.  Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607–08 (9th Cir.1992).  Prior to the final pretrial conference, a court may modify a status order upon a showing of "good cause." See Fed. R. Civ. P. 16(b).

"Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." Johnson, 975 F.2d at 609.  In explaining this standard, the Ninth Circuit has stated that:

> [a] district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension."  Moreover, carelessness is not compatible with a finding of diligence and offers no reason for granting of relief.  Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification.  If that party was not diligent, the inquiry should end.

Id. (citations omitted).

Plaintiff's Motion did not specifically request that the Court modify its scheduling order; rather, Plaintiff merely moved to amend the Complaint.  Despite Plaintiff's oversight, the Court will consider Plaintiff's Motion as both a Motion to Amend its FAC and a Motion to Amend the Scheduling Order as the Ninth Circuit endorsed this approach in Johnson.  975 F. 2d at 608-09.

1  Because Rule 16 governs, this case hinges on Plaintiff's diligence.  In this case, the
2  Scheduling Order stated that "no joinder of parties or amendment to pleadings is
3  permitted without leave of the court, good cause having been shown."  (ECF No. 16.)
4  The Scheduling Order also provided that discovery would end on June 21, 2013, expert
5  witnesses would be disclosed by August 21, 2013, and dispositive motions would be due
6  by December 19, 2013.  (Id.)  On May 23, 2013, the Court granted the parties' stipulation
7  to extend non-expert discovery from June 21, 2013 to August 5, 2013.  (ECF No. 20.)
8  Now, Plaintiff alleges that he learned that Kriskovich was the sole Manteca employee
9  involved in denying his post-termination request on July 12, 2013.  (ECF No. 26.)
10  Twenty-four days later, on August 5, 2013, Plaintiff filed this Motion to Amend.  (Id.)  As
11  discussed above, August 5, 2013 was also the date the parties' agreed to end discovery.
12         Manteca argues that Plaintiff was not diligent because Plaintiff did not serve
13  interrogatories on the City until June 6, 2013.  (ECF No. 28.)  Manteca suggests that
14  another example of Plaintiff's carelessness is Plaintiff's failure to request deposition
15  dates until June 12, 2013.  (Id.)  These arguments are unpersuasive as both parties
16  stipulated to a later discovery deadline because Plaintiff's counsel was occupied in an
17  unexpectedly long trial in Lake County from March 13, 2013 through May 3, 2013,
18  defense counsel was scheduled to begin a two-week trial on June 10, 2013, and
19  defense co-counsel was scheduled to be out of the country from June 9 through
20  June 21, 2013.  (ECF No. 20.)  Because both parties agreed to conduct discovery until
21  August 5, 2013, Plaintiff's request is timely.  In mid-July 2013, Plaintiff learned of
22  Kriskovich's role and shortly thereafter brought this Motion to name Kriskovich as a
23  defendant.  Further, Kriskovich's inclusion will not prejudice Manteca as Manteca already
24  knew that Kriskovich was central to the lawsuit.  Kriskovich's inclusion should not be a
25  surprise to him either as he has been the Manteca representative at every hearing
26  regarding this case.
27  ///
28  ///

**CONCLUSION**

For the reasons described above, Plaintiff's Motion to Amend its FAC, as detailed in ECF No. 26, is GRANTED.  The amended Complaint may substitute Joe Krikovich's name for Doe 1.  Plaintiff is directed to file his Second Amended Complaint not later than ten (10) days following the date of this order.

IT IS SO ORDERED.

Dated:  September 9, 2013

_____
MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT