UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM E. SMITH,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>CITY OF MANTECA, et al.,<br><br>　　　　　Defendants. | No. 2:12-cv-01899-MCE-CKD<br><br><br>**ORDER** |

　　　　On February 6, 2014, this Court, on its own motion, vacated the April 21, 2014 jury trial in this matter and continued the trial to June 2, 2014.  Order, ECF No. 65.  On February 12, 2014, Defendants City of Manteca and Joe Kriskovich (collectively, "Defendants") filed an Ex Parte Application to Continue the Trial Date or, in the Alternative, for an Order Shortening Time to Hear and Specially Set Motion to Continue Trial ("Ex Parte Application"), which is currently unopposed.  See ECF No. 66.  After reviewing Defendants' Ex Parte Application, this Court grants Defendants' Application and vacates the June 2, 2014 jury trial.

　　　　According to Defendants, before the Court issued its order continuing the trial date, Defendants' lead trial counsel was already scheduled to appear pursuant to state court orders in two other matters, including a four-day jury trial scheduled to begin on June 2, 2014, in Nevada County Superior Court, and a ten-day jury trial scheduled to

1 | begin on June 16, 2014, in Alameda County Superior Court.  ECF No. 66.  Because
2 | Defendants' counsel had no reason to anticipate a trial continuance in this matter,
3 | Defendants now request that this Court continue the current trial date to this Court's next
4 | available civil trial date.
5 |       This Court's pretrial scheduling order "controls the subsequent course of the
6 | action" unless modified by the Court.  Fed. R. Civ. P. 16(e).  Orders entered before the
7 | final pretrial conference may be modified upon a showing of "good cause,"
8 | Fed. R. Civ. P. 16(b), but orders "following a final pretrial conference shall be modified
9 | only to prevent manifest injustice," Fed. R. Civ. P. 16(e); see also Johnson v. Mammoth
10 | Recreations, 975 F.2d 604, 608 (9th Cir. 1992).  Rule 16(b)'s "good cause" standard
11 | primarily considers the diligence of the party seeking the amendment.  Johnson,
12 | 975 F.2d at 609.  The district court may modify the pretrial schedule "if it cannot
13 | reasonably be met despite the diligence of the party seeking the extension."
14 | Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment).  Moreover,
15 | carelessness is not compatible with a finding of diligence and offers no reason for a
16 | grant of relief.  Johnson, 975 F.2d at 609.  Although the existence or degree of prejudice
17 | to the party opposing the modification might supply additional reasons to deny a motion,
18 | the focus of the inquiry is upon the moving party's reasons for seeking modification.  Id.
19 | (citing Gestetner Corp. v. Case Equip. Co., 108 F.R.D. 138, 141 (D. Me. 1985)).  If the
20 | moving party was not diligent, the Court's inquiry should end.  Id.
21 |       Defendants filed their Ex Parte Application six days after this Court's order
22 | continuing trial.  See ECF No. 66.  In their Application, Defendants adequately
23 | demonstrate that their "noncompliance with a Rule 16 deadline . . . will occur,
24 | notwithstanding [their] diligent efforts to comply, because of the development of matters
25 | which could not have been reasonably foreseen or anticipated . . . and . . . that [they]
26 | were] diligent in seeking amendment of the Rule 16 order, once it became apparent that
27 | [they] could not comply with the order."  Jackson v. Laureate, Inc., 186 F.R.D. 605, 608
28 | (E.D. Cal. 1999) (citing Johnson, 975 F.2d at 609 and Eckert Cold Storage, Inc. v. Behl,

943 F. Supp. 1230, 1233 (E.D. Cal. 1996)); see, e.g., Keomanivong v. Jacquez, 2:07-CV-02409-JWS, 2010 WL 843755, at *4 (E.D. Cal. Mar. 9, 2010) (finding good cause to continue the case due to the unavailability of counsel).  Cf. Kaina v. Cnty. of Maui, CIV.04-00608 DAE-LEK, 2007 WL 1153829 (D. Haw. Apr. 18, 2007) ("Requiring Defendants to proceed to trial without their chosen counsel simply because that attorney happens to have a conflict on the trial date set after the court required a continuance would undermine the right of parties to select their counsel.").  Thus, Defendants were diligent in requesting a new trial date.  See Kaina, CIV.04-00608 DAE-LEK, 2007 WL 1153829 at *3-4 (finding that where "Defendants based their request for a continuance on a conflict in their outside counsel's trial schedule and not on a lack of diligence in the preparation of their defense," this fact weighed in favor of a continuance).[1]

Defendants' Ex Parte Application to Continue Trial, ECF No. 66, is hereby GRANTED.  The June 2, 2014, jury trial in this matter and the Court's Feb. 6, 2014, Order Continuing Trial (including the filing dates therein), ECF No. 65, are VACATED.  By separate order, this Court will set a new trial date, as well as new deadlines associated with that new trial date.

IT IS SO ORDERED.

Dated: February 26, 2014

_____
MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[1] Moreover, Defendants note that Plaintiff will not suffer any prejudice because Plaintiff "has obtained new employment with the City of Hanford and does not depend on the immediate resolution of this lawsuit for his earnings." ECF No. 66-1. In addition, "if Plaintiff prevails at trial, Plaintiff will be compensated for any additional damages that Plaintiff sustains as a result of this continuance." Id.